UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAYNARD CLAYCOMB, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) PLAINTIFF'S COMPLAINT |
| | ) AND DEMAND FOR JURY TRIAL |
| ALLIED INTERNATIONAL CREDIT CORPORATION, | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

MAYNARD CLAYCOMB, ("Plaintiff"), through the undersigned counsel, DAN HARTSTEIN alleges the following against ALLIED INTERNATIONAL CREDIT CORPORATION, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in this judicial district.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company, with its corporate office located at: Allied International Credit Corporation, 100 East Shore Drive, 3rd Floor, Glen Allen, Virginia 23059.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

### A. DEBT

11. Plaintiff allegedly incurred a financial obligation in the approximate amount of $7,000.00 (the "Debt") to Key Bank (the "Creditor") in connection with a personal loan.

12. The Debt arose from services allegedly provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

13. The Debt was purchased, assigned or transferred to Allied International Credit Corporation for collection, or Allied International Credit Corporation was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

## B.  HARASSMENT AND ABUSIVE TACTICS

15. Defendant constantly and continuously places collection calls to Plaintiff at 714-623-3002 seeking and demanding payment for the alleged debt.

16. Defendant calls Plaintiff from telephone number 905-513-3595 seeking and demanding payment for the alleged debt.

17. Defendant began calling on or about July 2011.

18. Defendant, on August 24, 2011, spoke with Plaintiff's grandmother, Wilma Shaper, at 814-839-4119 and attempted to solicit funds from her while fraudulently claiming to be Plaintiff.

19. Defendant did not send Plaintiff a validation letter despite Plaintiff's request for such.

20. Defendant has threatened litigation should the alleged debt not be paid.

21. Defendant has falsely claimed to be calling from the United States Department of Justice.

22. Defendant has alleged, through fraudulently claiming affiliation with the Department of Justice, that Plaintiff has committed a criminal act.

23. Defendant attempts to collect on a debt Plaintiff disputes.

24. Plaintiff has contacted Key Bank and learned that they show no record under Plaintiff's name nor under his social security number nor of his having any manner of loan through their institution.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

a.) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in

connection with the collection of a debt.

b.) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant does not state the name of its company.

c.) Defendant violated *§1692b(1)* of the FDCPA by contacting persons other than Plaintiff and failing to identify him/herself and failing to state the he/she is confirming or correcting location information concerning Plaintiff.

d.) Defendant violated *§1692b(2)* of the FDCPA by stating that the Plaintiff owes a debt in communications with persons other than Plaintiff.

e.) Defendant violated *§1692g* of the FDCPA by failing to send Plaintiff a validation notice within five days of the initial communication.

f.) Defendant violated *§1692g(b)* of the FDCPA by continuing with collection attempts on the alleged debt before the debt has been validated.

g.) Defendant violated *§1692e(14)* of the FDCPA by communicating a name other than the true name of the debt collector's business.

h.) Defendant violated *§1692e(5)* of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken.

i.) Defendant violated *§1692e(1)* of the FDCPA by giving the false impression that the debt collector is affiliated with the United States or any state, including the use of any badge, uniform, or facsimile.

j.) Defendant violated *§1692e(7)* of the FDCPA by giving the false impression that the consumer committed a crime.

WHEREFORE, Plaintiff, MAYNARD CLAYCOMB, respectfully requests judgment be entered against Defendant, ALLIED INTERNATIONAL CREDIT CORPORATION, for the following:

    a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

    b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

    c. Actual damages,

   d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

   e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MAYNARD CLAYCOMB, demands a jury trial in this case.

This 14th day of March, 2012.

_____
Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com

5